## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In Re: ANTONIO CRAWFORD,<br><br>Petitioner, | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 19-3269 (ABJ)<br>)<br>) |

### MEMORANDUM OPINION

Petitioner Antonio Crawford is a D.C. Code offender appearing *pro se*.  He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting trial error and ineffective assistance of both trial and appellate counsel.[1]  The United States contends that the petition should be denied because (1) this court lacks jurisdiction over the claims premised on trial error and trial counsel's performance and (2) the claim premised on appellate counsel's performance is procedurally barred.  Opp'n to Pet'r's  Pet. ("Opp'n"), Dkt. 9.  The Court agrees with both points. Accordingly, the petition will be denied for the reasons explained below.

## I.    BACKGROUND

### A.  Trial and Direct Appeal

In 2007, a D.C. Superior Court jury convicted petitioner of assault with intent to commit first-degree sexual abuse while armed ("assault with intent"), first-degree burglary while armed, armed robbery, and felony threats, and the court sentenced petitioner to an aggregate prison term

---

[1]    To the extent that the petition is grounded upon the performance of post-conviction counsel, "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief."  28 U.S.C. § 2254(i).

of 336 months.  *See* Pet. at 1-2, Dkt. 1-2; Opp'n at 3.[2]  Petitioner appealed the judgment to the

D.C. Court of Appeals (DCCA), arguing insufficient evidence to convict on the assault with intent

charge and challenging on hearsay grounds the admissibility of a government witness's testimony.

Resp't's Ex. 1, *Crawford v. United States*, No. 07-CF-944, Mem. Op. and J. (D.C. Dec. 3, 2009)

(per curiam), Dkt. 9-1 at 2-4.  On December 3, 2009, the DCCA affirmed the convictions, citing

"overwhelming evidence that the appellant assaulted the complainant with the specific intent to

commit first degree sexual abuse."  Dkt. 9-1 at 3.  The DCCA further determined that although the

challenged testimony fell "squarely" within an earlier adopted "hearsay exception for present sense

impressions," any erroneous admission would have been harmless in view of the substantial

evidence supporting petitioner's guilt.  *Id*. at 3-4.

The mandate affirming the convictions issued on December 24, 2009.  Because petitioner

did not file a timely certiorari petition in the U.S. Supreme Court or seek rehearing in the DCCA,

the convictions became final on March 3, 2010.  *See* U.S. Sup. Ct. R. 13(1) and 13 (3) (the 90-day

period "to file a petition for a writ of certiorari runs from the date of entry of the judgment or order

sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local

practice).").

## B.  Collateral Proceedings

Meanwhile, beginning in 2006, petitioner submitted to the Superior Court "a steady stream

of letters and *pro se* filings," which prompted that court to appoint counsel on July 18, 2012, to

represent petitioner in post-conviction proceedings.  Resp't's Ex. 2, *United States of America. v.

Crawford*, No. 2005 FEL 3989, Mem. Op. and Order (Super. Ct. Apr. 15, 2015), Dkt. 9-2 at 2, 4.

On October 7, 2013, petitioner, through counsel, filed an admittedly untimely motion in the DCCA

---

[2]   All page citations are those assigned automatically by the electronic case filing system.

to recall the mandate for the specific purpose of pursuing collateral relief under D.C. Code § 23-110.  *See* Resp't's Ex. 4, Pet'r's Mot. to Recall Mandate, Dkt. 9-4.  In December 2013, petitioner moved the DCCA to appoint counsel to argue ineffective assistance of appellate counsel.  Resp't's Ex. 5, Pet'r's Mot. for App't of Counsel, Dkt. 9-5.  On January 30, 2014, the DCCA denied both motions, citing the collateral proceedings pending in the Superior Court.  Resp't's Ex. 6, No. 07-CF-944, Order (D.C. Jan. 30, 2014).

On March 19, 2014, petitioner's post-conviction counsel filed in Superior Court a motion under D.C. Code § 23-110 that "consolidated and refined" his claims asserting constitutional violations during jury selection, improper mandatory minimum sentencing, and ineffective assistance of trial counsel.  Resp't's Ex. 2 at 9, 12.  Petitioner faulted trial counsel for (1) conceding "guilt to lesser included offenses on the charges without consultation or consent," (2) failing to challenge the sufficiency of the evidence on the assault with intent charge and to seek a judgment of acquittal on that charge, and (3) failing to seek a downward departure from the sentencing guidelines based on mental illness.  *Id*. at 12.

On April 15, 2015, the Superior Court denied petitioner's § 23-110 motion on the procedural ground that the claims were barred because they could have been raised in the direct appeal and neither cause nor prejudice was shown to excuse that failure.  *Id*. at 7-8, citing rule of *Shepard v. United States*, 533 A.2d 1278 (D.C. 1987).  Alternatively, the court meticulously evaluated the merits of each claim and found them wanting except for a "purely legal" sentencing error, Resp't's Ex. 2 at 18, that was corrected in an amended judgment and commitment order without any change to the aggregate sentence.  *See generally id*. at 11-35; Opp'n at 4.  Petitioner appealed through counsel.  On August 3, 2017, the DCCA affirmed the lower court's decision, agreeing that the claims were procedurally barred and adding:

> Appellant contends that trial counsel's factual concession to the jury without consultation with appellant was deficient performance. Trial counsel's concession to the jury recounted the undisputed circumstances of this case and simply constituted an argument of candor that does not implicate defendant's trial rights. The trial court concluded that this reasonable concession was made in the context of overwhelming evidence of appellant's guilt. Reading *Florida v. Nixon*, 543 U.S. 175, 185, (2004), and our decision of *Hopkins v. United States*, 84 A.3d 62 (D.C. 2014) together, we are not persuaded that counsel's actions were deficient, but simply a statement of candor about the facts. *See Strickland v. Washington*, 466 U.S. 668, 104 (1984).

Resp't's Ex. 3, *Crawford v. United States*, Mem. Op. and J., No. 15-CO-543 (D.C. Aug. 3, 2017), Dkt. 9-3 at 5.

### C.  Current Proceeding

On July 19, 2018, petitioner submitted the instant habeas petition to the D.C. Circuit Court of Appeals, which transferred the case to this court.  *See* Order, Dkt. 2.  After the government filed its response, petitioner requested and was granted a stay of these proceedings until completion of his collateral proceedings in the D.C. courts.  *See* Aug. 4, 2020 Minute Order.  Although petitioner was to file a status report by February 4, 2021, *see id*., he did not, and this case was dormant until February 14, 2022, when petitioner filed a supplement to the habeas petition, and the government was given time to respond.  *See* Apr. 8, 2022 Minute Order.

On August 31, 2022, after the government's supplemental filing, petitioner filed a reply containing two DCCA documents each titled "Return Notice" and referencing case No. 07-CF-944.  One notice dated February 10, 2022, informed petitioner that his motion to recall the mandate issued on December 24, 2009, was being returned unfiled because, among other reasons, "any motion to recall the mandate must be filed within 180 days from issuance of the mandate."  Dkt. 20 at 9.  The other notice dated May 18, 2021, informed petitioner that his motion to recall a mandate purportedly issued on October 7, 2013, was being returned unfiled because, among other

reasons, no "filings" were being accepted "for this appeal." *Id*. at 10.  On September 12, 2022, petitioner filed a motion for new trial, alleging violations under *Brady v. Maryland*, 373 U.S. 83 (1963), and seemingly faulting trial and appellate counsel for failing to preserve this new trial-related issue.  *See* New Trial Motions Based on this Related Disclosure, Dkt. 22.

## II.    LEGAL STANDARD

"The allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248.  The extraordinary remedy of habeas corpus is available to District of Columbia prisoners if the prisoner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  But unlike prisoners challenging state or federal court convictions, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.").

D.C. Code § 23-110 provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

*Id*. § 23-110(a).  It also states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be

> entertained . . . by any Federal . . . court if it appears that the applicant has
> failed to make a motion for relief under this section or that the Superior Court
> has denied him relief, unless it also appears that the remedy by motion is
> inadequate or ineffective to test the legality of his detention.

*Id*. § 23-110(g).  Section 23-110 has been described as "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wish[ ] to challenge their conviction or sentence," *Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998), and it has been the vehicle for D.C. prisoners to collaterally attack their sentences since passage of the Court Reform Act in 1970, *Byrd*, 119 F.3d at 36-37.

## III.   ANALYSIS

### A.  Ineffective Assistance of Trial Counsel and Trial Error

A "motion to vacate sentence under [§] 23-110 is the standard means of raising a claim of ineffective assistance of trial counsel," *Garmon v. United States*, 684 A.2d 327, 329 n.3 (D.C. 1996), and claims of trial error, D.C. Code § 23-110(a).  The D.C. Circuit has interpreted § 23-110(g) as "divest[ing] federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)."  *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009).  Subsection (g) is the "safety valve to blunt the risk of a Suspension Clause violation." *Head v. Wilson*, 792 F.3d 102, 105 (D.C. Cir. 2015), citing U.S. Const. Art. I, § 9, cl. 2; *see Ibrahim v. United States*, 661 F.3d 1141, 1146 (D.C. Cir. 2011) (explaining that "§ 23-110(g) is not a procedural bar to otherwise available federal habeas claims; it is Congress's deliberate channeling of constitutional collateral attacks on Superior Court sentences to courts within the District's judicial system (subject to Supreme Court review), with federal habeas available only as a safety valve") (parenthesis in original)).

Petitioner's grounds premised on trial error and trial counsel's performance are cognizable under D.C. Code § 23-110(a).  *See Williams*, 586 F.3d at 998.  Petitioner has not shown that remedy

to be inadequate or ineffective to test his custody, and the D.C. courts' denial of collateral relief does not trigger the safety valve. *Plummer v. Fenty*, 321 Fed. App'x. 7, 8 (D.C. Cir. 2009) (per curiam), citing *Garris v. Lindsay*, 794 F.2d 722, 725-26 (D.C. Cir. 1986) (per curiam). So, this aspect of the petition is dismissed for want of jurisdiction.

### B.  Ineffective Assistance of Appellate Counsel (IAAC)

Since "challenges to the effectiveness of appellate counsel" cannot be raised under D.C. Code § 23-110, *Williams*, 586 F.3d at 996, this court is not  deprived of jurisdiction altogether. But before obtaining review under § 2254, petitioner must have raised the appellate counsel claim in the DCCA "through a motion to recall the mandate" affirming the convictions, *id*., since that "is the [only] appropriate avenue" for such claims, *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987) (en banc); *see Williams*, 586 F. 3d at 1000 ("D.C. prisoners who challenge the effectiveness of appellate counsel through a motion to recall the mandate in the D.C. Court of Appeals will get a second bite at the apple in federal court"); *cf.* 28 U.S.C. § 2254(c) (a habeas "applicant shall not be deemed to have exhausted the remedies available in the courts of the State, . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").[3]

The purpose of the exhaustion requirement is to "give the state courts [a fair] opportunity to act on [a state prisoner's constitutional] claims before he presents those claims to a federal court in a habeas petition," and to "provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838,

---

[3]    The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "recognizes that a court of the District is a state court." *Head*, 792 F.3d at 106 n.3.  And although "section 23–110's safety-valve provision authorizes federal habeas jurisdiction of an IAAC claim" brought by a D.C. prisoner,  the "would-be federal habeas petitioner must still comply with the strictures of . . . the federal court's 'labyrinth' collateral review procedure" under the AEDPA. *Id*. at 106, applying 28 U.S.C. §§ 2244, 2254.

842, 844 (1999). Additionally, "a cogent ruling" from the DCCA "concerning local relief, if any" would enable the district court "to rule intelligently" on the federal habeas petition. *Williams*, 586 F.3d at 999. To enable proper review, then, a petitioner typically must "have presented to the state court 'both the factual and legal premises of the claim he asserts in federal court.'" *Pulinario v. Goord*, 291 F. Supp. 2d 154, 171 (E.D.N.Y. 2003), *aff'd*, 118 Fed. App'x 554 (2d Cir. 2004), quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc).

Under District of Columbia law, "mandates may be recalled only in the presence of exceptional circumstances," and the movant has the "heavy initial burden" of establishing on the "face" of the motion "sufficient merit" before the DCCA "will recall the mandate and reopen the appeal." *Watson*, 536 A.2d at 1060. Only if the DCCA finds sufficient merit to a motion raising ineffective assistance of appellate counsel will it recall the mandate and reopen the direct appeal "to fully explore and then decide whether there was ineffective assistance of counsel on the first appeal." *Blount v. United States*, 860 F.3d 732, 738 (D.C. Cir. 2017) (internal quotation marks and alterations). Nothing in the record suggests that petitioner took the first step of filing a proper motion in the DCCA to recall the direct-appeal mandate based on ineffective assistance of appellate counsel. So, the court agrees that this ground for relief was not exhausted and is procedurally barred.[4]

---

[4]  In any event, the DCCA's rejection of petitioner's trial counsel ineffectiveness claim as meritless under the *Strickland* analysis, *see supra* at 3-4, does not bode well for the IAAC claim given § 2254's deferential standard of review. *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (per curiam) ("When the claim at issue is one for ineffective assistance of counsel . . . AEDPA review is doubly deferential [and] federal courts are to afford both the state court and the defense attorney the benefit of the doubt.") (citation and internal quotation marks omitted); *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (noting that since appellate counsel "may select from among [nonfrivolous claims] in order to maximize the likelihood of success on appeal," it is difficult to demonstrate deficient performance under *Strickland* where counsel filed a merits brief but failed to raise a particular claim).

**CONCLUSION**

Petitioner's claims premised on trial counsel's performance and trial error are barred by D.C. Code § 23-110(g), and petitioner failed to exhaust his claim of ineffective assistance of appellate counsel by presenting it to the DCCA.  Accordingly, this § 2254 habeas petition will be denied.  An order will issue separately.

AMY BERMAN JACKSON
United States District Judge

DATE:  November 3, 2022